IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-25-132-D |
| | ) |
| DIVAIN GARZA JR., | ) |
| | ) |
| Defendant. | ) |

### ORDER CONTINUING TRIAL

Before the Court is the parties' Joint Motion to Continue Jury Trial and Extend Date within which to File Pretrial Motions [Doc. No. 42]. The parties seek a continuance of Defendant's trial from June 10, 2025, to the August 12, 2025, trial docket. Defendant has submitted a Waiver of Right to Speedy Trial [Doc. No. 43], acknowledging his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161-74, and waiving those rights for the period of delay.[1]

Upon consideration of the Motion and the case record, the Court finds that the ends of justice served by granting a two-month continuance outweigh the best interests of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3171(h)(7)(A); *see also United States v. Toombs*, 574 F.3d 1262, 1272-73 (10th Cir. 2009). Specifically, accepting the representations of counsel, the Court finds for the reasons fully set forth in the Motion that denying Defendant's request would deprive him of a reasonable amount of time needed for

---

[1] Defendant's waiver requests a three-month continuance to September. The Court, however, responds to the Joint Motion requesting a two-month continuance.

effective investigation, trial preparation, and possible negotiation of a resolution of the charges in the Indictment, taking into account the exercise of due diligence by counsel. *See* 18 U.S.C. § 3161(h)(7)(B)(iv). Also, under the circumstances, denying the Motion would likely deprive Defendant of effective representation of counsel and result in a miscarriage of justice. *See id.* § 3161(h)(7)(B)(i).

In making these findings, the Court has considered the statutory factors set forth in § 3161(h)(7)(B) and has concluded that the requested continuance is fully consistent with congressional policies and precedent. *See Bloate v. United States*, 559 U.S. 196, 214 (2010); *Toombs*, 574 F.3d at 1269. Further, no circumstance is present that would prohibit a continuance pursuant to § 3161(h)(7)(C). Therefore, the time period from June 10, 2025, to August 12, 2025, shall be excluded for purposes of the Speedy Trial Act.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Continue Jury Trial and Extend Date within which to File Pretrial Motions [Doc. No. 42] is **GRANTED**. This case is stricken from the June 10, 2025, trial docket and reset on the Court's August 12, 2025, trial docket. All pretrial motions, including motions in limine, shall be filed by July 29, 2025. Responses to pretrial motions shall be filed by August 5, 2025. Requested jury instructions and voir dire shall be filed by August 1, 2025. Objections to requested jury instructions and voir dire shall be filed by August 8, 2025.

**IT IS SO ORDERED** this 6th day of June 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge